## YELL COUNTY *v.* WILLS.

Opinion delivered June 17, 1907.

1. COUNTY WARRANTS—ORDER CALLING IN—SERVICE OF NOTICE.—An order calling in outstanding county warrants for cancellation, classification and reissuance is not void because the sheriff's return to the notice required to be posted at the court house door recites that the notice was posted at the "entrance" of the court house. (Page 231.)

2. SAME—VALIDITY OF ORDER CALLING IN.—One whose county warrants were affected by an order calling them in for cancellation, classification and reissuance can not complain that the order also called in witness and jury certificates. (Page 232.)

3. SAME—TIME FOR PRESENTING WARRANTS.—An order for the calling in of county warrants which directed that they should be presented to the county court on or before a date more than three months from the date of the order is a sufficient compliance with Kirby's Digest, § 1175, requiring the court to make an order fixing the time for presenting said warrants "which shall be at least three months from the date of said order." (Page 232.)

4. SAME—METHOD OF PUBLICATION.—It is immaterial whether Kirby's Digest, § 1176, relating to the method of proving publication of legal notices, was repealed by section 4923, *Id.,* where the proof of publication in this case was a sufficient compliance with either statute. (Page 233.)

5. SAME—SUFFICIENCY OF ORDER CALLING IN.—Under Kirby's Digest, § 1178, providing that the county court may annually call in warrants, an order calling them in is not void because it fails to recite that no such order had been made within the previous year. (Page 234.)

Appeal from Yell Circuit Court; *Wm. L. Moose,* Judge; reversed.

*H. M. Jacoway, Jr.,* and *Priddy & Chambers,* for appellant. The language used in the sheriff's return should be construed in connection with the original order of the county court and the subsequent order made on July 27, 1904. 61 Ark. 265. Giving to the sheriff's return and the orders of the county court the ordinary and usual construction given to language, the word "entrance" used therein can not be construed otherwise than that the notices were posted at the court house doors. The same rule would apply in this case as in construing statutory enactments. 2 Lewis's Sutherland, Stat. Con. 708, 709.

*Sellers & Sellers,* for appellee.

1. The law authorizing the county court to call in outstanding county warrants upon constructive notice is to be strictly construed. Every legal intendment is against the validity of these proceedings. The county court's order does not follow the statute, in that it calls in "warrants, witness certificates, grand and petit jury certificates and grand jury witness certificates." 33 Ark. 740; *Id.* 350; 37 Ark. 110.

2. The order is defective in that it fixes no time for presentation of the warrants, etc., except to require that they be presented "on or before Tuesday the 26th day of July, 1904." This is not a compliance with the statute. Kirby's Digest, § 1175; 51 Ark. 34; 72 Ark. 394.

3. The sheriff's return shows that he posted the notices at the "entrances to" the court house, whereas the statute requires that they be posted at "the court house door." An entrance *to* the court house does not necessarily nor even probably mean the door *of* the court house.

HILL, C. J. 1. Appellee by certiorari sought to quash a judgment of the county court of Yell County calling in and re-issuing county warrants, he being the holder of some canceled warrants. The circuit court held that the order of the county court made on the 6th of April, 1904, calling in the outstanding warrants of Yell County for cancellation, classification and re-issuance, and the subsequent order of July 27, 1904, barring all warrants not presented in compliance with said order, were void and of no effect because notices of the first order were not posted at the court house doors in the towns of Danville and Dardanelle. The county, the county judge and county clerk have appealed.

The order of April 6 directed the clerk to furnish the sheriff a copy of the order, and ordered the sheriff to notify the holders of the warants "by putting up at the court house door in both Danville and Dardanelle districts of said Yell County and at the election precincts in each township in said county at least thirty days before the said 26th day of July, 1904, a true copy of this order, and by publishing the same in at least two newspapers published in the State of Arkansas having a *bona fide* circulation therein," etc. The return of the sheriff stated: "I.............posted notices (a copy hereto attached) at each entrance to the court houses in Danville and Dardanelle, and at the election precincts in each township of said county at least thirty days before the time appointed by the order of said court," etc.

In the order of July 27, 1904, the county court found from the return and report of the sheriff that he had given notice as required by the order and statutes, "said notices having been

given by putting up at the court house doors in both the Dardanelle and Danville districts, and at the election precincts," etc. Because the sheriff in his return used the word "entrance," instead of "door," to the court house, this order has been held void. The county court understood the term "entrance" to mean "door," and so found. And the county court was right in so doing. One of the definitions in Webster's International Dictionary of "entrance" is: "passage, door or gate for entering." And this use of it to point this meaning is given: "Show us, we pray thee, the entrance to the city," Judges, 1 : 24.

This is the only ground upon which the circuit court has quashed the order of the county court, but if there were any other grounds for quashing it then the judgment should be affirmed, notwithstanding the reason given for it may not have been a sound one. Hence the other attacks on the order made by appellee have been considered.

2. The order in question calls for the outstanding warrants, witness certificates, grand and petit jury certificates and grand jury witness certificates; and it is pointed out that section 1175 of Kirby's Digest only provides for the calling in of outstanding warrants. Appellee in his petition for certiorari alleges that he is the owner and holder of a large amount of legal and valid warrants of Yell County, legally issued by its officers and county court. He does not show himself interested or concerned in witness certificates, grand and petit juror certificates or grand jury witness certificates. When complaint is made from some one whose certificates have been barred by the order, then the court will be called upon to determine whether the order is proper in that respect. That question is not before the court in this case.

3. The order in question says: "The holders of all outstanding warrants........shall present the same to this court on or before Tuesday the 26th day of July, 1904, at the court house in the town of Danville in said county for cancellation, classification and reissue of the same."

It is argued that to order the warrants presented on or before July 26th was to order them presented at any time from the date of the order, April 6, to July 26, and was not a compliance with the statute. The statute says that the court shall

make an order "fixing the time for the presentation of said warrants, which shall be at least three months from the date of said order." Kirby's Digest, § 1175. This order meant that they could be presented at any time prior to July 26, and that they were given until that date to present them, and it was more than three months distant. This not only complied with the statute, but was an advantage to the warrant holders in permitting them to file their warrants at any time within the period named.

4. Various objections are made to the proofs of publication. The order was published in two newspapers, the Danville Democrat, published in Danville, Yell County, and the Arkansas Gazette, published in Little Rock, Pulaski County. The statute requires that notice be published in "newspapers printed and published in the State of Arkansas for two weeks in succession, the last insertion to be at least two weeks before the time fixed by the court for the presentation of said warrants." Kirby's Digest, § 1176. The sheriff returned that he published this notice in the *Arkansas Gazette* and the *Danville Democrat,* "two newspapers of Arkansas, two weeks in succession, as shown by the proofs of publication hereto attached; the last insertion was at least thirty days before the time fixed by the court for the presentation of said warrants." And it is shown in the order that the proofs of publication were attached to his return and marked exhibits thereto.

Following the return of the sheriff are proofs of publication consisting of the affidavits of the editor of the Danville Democrat and the principal accountant of the Arkansas Gazette. These affidavits, identified by the sheriff's return and the record of the court, show that the statute was complied with. In fact, more matter is inserted in the affidavits than was required to comply with the statute.

5. The argument is made that that part of section 1176 of Kirby's Digest providing for publication of this notice in newspapers printed and published in the State of Arkansas is repealed by section 4923 of Kirby's Digest. If that be conceded (a point not necessary to be decided), appellee's case is not helped, for the publication of this notice in one newspaper having a *bona fide* circulation in the county in which the pro-

ceedings were had would be a compliance therewith; and the affidavit of the editor of the *Danville Democrat* contains all the essentials to prove a good publication under this section.

6. Attention is called to the fact that section 1178 of Kirby's Digest provides that the county court may annually call in warrants, and that this record does not show that any order had not been made within a year of this one. This is not a ground of attack in the petition. It is not thought that such a recital is necessary in the order to give it vitality.

The court is unable to see wherein there has been any departure from the statute in this case, and it is of the opinion that the order of the county court was valid.

Judgment reversed, and petition for certiorari dismissed.